**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BMC SOFTWARE, INC.,** | |
| **Plaintiff,** | Civil Action No. 2:14-CV-903 |
| **vs.** | JURY TRIAL DEMANDED |
| **SERVICENOW, INC.,** | |
| **Defendant.** | |

**BMC SOFTWARE, INC.'S RESPONSE TO SERVICENOW, INC.'S**
**MOTION TO DISMISS BMC'S COMPLAINT FOR PATENT INFRINGEMENT**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................. 1

II.   LEGAL STANDARD ........................................................................................................... 2

III.  ARGUMENT ........................................................................................................................ 4

       A.    BMC's Complaint Sufficiently Pleads Willful Infringement ..................................... 4

       B.    BMC's Complaint Sufficiently Pleads Induced Infringement .................................... 6

       C.    BMC's Complaint Sufficiently Pleads Contributory Infringement ........................... 9

IV.   CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*,
  2009 U.S. Dist. LEXIS 130147 (E.D. Tex. Sept. 2, 2009) ...............................................1, 6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................3

*Cardsoft (Assignment for the Benefit of Creditors), LLC v. Gores Group, LLC*,
  2013 U.S. Dist. LEXIS 142493 (E.D. Tex. Sept. 19, 2013) .......................................................8

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
  2010 U.S. Dist. LEXIS 99264 (E.D. Tex. Aug. 31, 2010) .......................................................3

*Clear v. Bergdorf Goodman, Inc.*,
  2010 U.S. Dist. LEXIS 92079 (E.D. Tex. Mar. 29, 2010).........................................................9

*Dorsey v. Portfolio Equities, Inc.*,
  540 F.3d 333 (5th Cir. 2008) ...........................................................................................10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).....................................................................................8, 10

*InMotion Imagery Techs., LLC v. Imation Corp.*,
  2013 U.S. Dist. LEXIS 41830 (E.D. Tex. Mar. 25, 2013).........................................................8

*J & J Mfg. v. Logan*,
  24 F. Supp. 2d 692 (E.D. Tex. 1998).......................................................................... 10-11

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
  No. 6:09-cv-00499, slip op. (E.D. Tex. Mar. 29, 2010) ..........................................................9

*Jones v. Bock*,
  549 U.S. 199 (2007).........................................................................................................3

*Keranos, LLC v. Analog Devices, Inc.*,
  2011 U.S. Dist. LEXIS 102618 (E.D. Tex. Sept. 12, 2011) .......................................................4

*Klausner Techs., Inc. v. Oracle Corp.*,
    No. 6:11-cv-00556-LED, slip op. (E.D. Tex. Sept. 10, 2012)....................................................9

*L.A. Gear v. Thom McAn Shoe Co.*,
    988 F.2d 1117 (Fed. Cir. 1993)...............................................................................................5

*Lodsys, LLC v. Brother Int'l Corp.*,
    2012 U.S. Dist. LEXIS 31456 (E.D. Tex. Mar 8, 2012) .......................................................1, 5

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
    2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 11, 2012) ......................................................9

*Lormand v. US Unwired, Inc.*,
    565 F.3d 228, 232 (5th Cir. 2009)) ........................................................................................4

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)...........................................................................................2, 3

*Mobile Telcoms. Techs., LLC v. Amazon.com, Inc.*,
    2014 U.S. Dist. LEXIS 138786 (E.D. Tex. Aug. 26, 2014) .....................................................8

*Paltalk Holdings, Inc. v. Sony Computer Entm't Am., Inc.*,
    2010 U.S. Dist. LEXIS 101436 (E.D. Tex. Sept. 1, 2010) .......................................................3

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012).......................................................8

*Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*,
    2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014) ......................................................1, 2

*Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys.*,
    2014 U.S. Dist. LEXIS 19308 (E.D. Tex. Feb. 14, 2014) ...................................................9, 10

*Titanide Ventures, LLC v. IBM Corp.*,
    2012 U.S. Dist. LEXIS 163430 (E.D. Tex. Oct. 18, 2012) .............................................2, 8, 9

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013) .......................................................9

*WordCheck Tech, LLC v. Alt-N Techs., Ltd.*,
    2012 U.S. Dist. LEXIS 189071 (E.D. Tex. July 17, 2012).......................................................6

*Wright v. Nationwide Mut. Ins. Co.*,
    2010 U.S. Dist. LEXIS 9953 (E.D. Tex. Jan. 19, 2010).........................................................4

*Ximpleware, Inc. v. Versata Software, Inc.*,
   2014 U.S. Dist. LEXIS 165060 (N.D. Cal. Nov. 25, 2014)......................................................5

**OTHER AUTHORITIES**

Rule 8(a)(2) ..............................................................................................................................3

## I.      INTRODUCTION

ServiceNow argues that BMC has failed to state claims for willful infringement, induced infringement, and contributory infringement upon which relief can be granted.  Dkt. 14 at 1. ServiceNow is mistaken.  BMC has alleged sufficient facts to support each of these claims, and at this stage, BMC's allegations must be accepted as true, with all inferences drawn in BMC's favor.  *See, e.g.*, *Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*, 2014 U.S. Dist. LEXIS 28249, at \*4 (E.D. Tex. Mar. 3, 2014) (Gilstrap, J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

*First*, ServiceNow's assertion that BMC has not sufficiently alleged facts suggesting that ServiceNow had pre-suit knowledge of BMC's patents, and thus that the Complaint does not state a claim for willful infringement, is incorrect.  The Complaint pleads numerous facts— including the hiring of key BMC employees who were knowledgeable about BMC's patents and whom ServiceNow used to design its own copycat infringing products—that support an inference of pre-suit knowledge by ServiceNow.  Dkt. 1 ¶¶ 67-70.  Those allegations are sufficient to clear the low bar for pleading pre-suit knowledge and allow BMC's willfulness claim to advance through discovery.  *Lodsys, LLC v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 31456, \*16-17 (E.D. Tex. Mar 8, 2012) (Gilstrap, J.).  Furthermore, courts within this district have recognized that a patentee may rest its willfulness claim on the defendant's post-suit conduct.  *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*, 2009 U.S. Dist. LEXIS 130147, at \*6-8 (E.D. Tex. Sept. 2, 2009).  Thus, even absent an inference of pre-suit knowledge (which

1

BMC respectfully submits would be error), the Court should nevertheless allow BMC to prosecute its willfulness claim based on ServiceNow's post-suit conduct.

*Second*, ServiceNow's assertion that BMC has failed to plead facts showing that ServiceNow acted with specific intent to induce infringement is incorrect. Consistent with this Court's precedent, the Complaint sets forth numerous allegations that give rise to a reasonable inference of specific intent. *Titanide Ventures, LLC v. IBM Corp.*, 2012 U.S. Dist. LEXIS 163430, at *11 (E.D. Tex. Oct. 18, 2012) ("[T]he plaintiff need not *prove* intent, but merely provide enough facts from which intent can be reasonably inferred." (emphasis in original)).

*Third*, the Complaint includes numerous allegations that support BMC's contributory infringement claims. In particular, the Complaint alleges that ServiceNow's infringing software products (the "Accused Products") lack substantial non-infringing uses. *See* Dkt. 1 ¶¶ 34, 39, 44, 49, 54, 59, 64.

Because the Complaint's allegations are more than sufficient to meet the applicable pleading standards and provide ServiceNow with notice of the claims against which it must defend, ServiceNow's motion should be denied. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

## II.     LEGAL STANDARD

When deciding a motion under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Tierra Intelectual Borinquen*, 2014 U.S. Dist. LEXIS 28249, at *4 (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205) (internal quotation marks omitted). In addition, courts consider only the allegations in the

complaint to determine if the facts set forth therein are sufficient to meet the requirements of

Rule 8(a).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

Rule 8(a)(2) requires only that a complaint contain a "short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks

omitted).  In *Twombly*, the Supreme Court noted:  "we do not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*,

550 U.S. at 570.  In other words, the facts in the Complaint must "allow[] the court to draw a

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 556-57.

The Federal Circuit made clear that *Twombly* has not changed the pleading requirements

in patent cases.  *See*, *e.g.*, *Paltalk Holdings, Inc. v. Sony Computer Entm't Am., Inc.*, 2010 U.S.

Dist. LEXIS 101436, at *5 (E.D. Tex. Sept. 1, 2010) (citing *McZeal*, 501 F.3d  at 1357) ("The

Federal Circuit has rejected the argument that *Twombly* changed the pleading requirements of

Rule 8(a) in patent infringement cases."); *Charles E. Hill & Assocs. v. ABT Elecs., Inc.*, 2010

U.S. Dist. LEXIS 99264, at *6 (E.D. Tex. Aug. 31, 2010) (same).  Rather, "a patentee need only

plead facts sufficient to place the alleged infringer on notice as to what he must defend" and "is

not required to specifically include each element of the claims of the asserted patent."  *McZeal*,

501 F.3d at 1357 (citations omitted).

In this circuit, motions to dismiss for failure to state a claim "are viewed with disfavor and rarely granted." *Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 102618, at *18 (E.D. Tex. Sept. 12, 2011) (citation omitted) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)).  "A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wright v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 9953, at *3 (E.D. Tex. Jan. 19, 2010) (quoting *Conley*, 355 U.S. at 45-46).

## III.    ARGUMENT

### A.    BMC's Complaint Sufficiently Pleads Willful Infringement

ServiceNow's attack on BMC's willfulness claim boils down to a single assertion:  the Complaint allegedly does not adequately plead ServiceNow's pre-suit knowledge of BMC's patents.  ServiceNow is mistaken.

The Complaint alleges that ServiceNow developed its infringing products after hiring away "key ex-BMC employees . . . *who were intimately familiar with BMC's products and innovations* and upon information and belief *knew that BMC protects such products and innovations through patent protection*."  Dkt. 1 ¶ 67 (emphasis added).  The Complaint further alleges that

> ServiceNow improperly used the BMC employees it hired to develop key aspects of the ServiceNow Service Automation Platform and related products, *including at least some of the features that infringe the patents-in-suit . . . with full knowledge or willful blindness that BMC's products were patented and that copying BMC's Products would result in patent infringement*.

4

Dkt. 1 ¶ 68 (emphasis added).   Coupled with other allegations in the Complaint—particularly statements of ServiceNow's CEO (Frank Slootman) that ServiceNow has sought to "dismantl[e BMC's] business, left, right, and center" (Dkt. 1 ¶¶ 18, 69) and ServiceNow's founder (Fred Luddy) that copying and stealing are key aspects of Luddy's business strategy for ServiceNow (Dkt. 1 ¶¶ 15-16, 69)[1]—these allegations are more than sufficient to support an inference that ServiceNow had pre-suit knowledge of BMC's patents.

This Court's precedent is clear that the "bar for pleading willful infringement is not high," and "some limited factual basis regarding knowledge" is sufficient to state a plausible claim for relief for willful infringement.  *Lodsys*, 2012 U.S. Dist. LEXIS 31456, at*16-17; *see also Ximpleware, Inc. v. Versata Software, Inc.*, 2014 U.S. Dist. LEXIS 165060, at *29 (N.D. Cal. Nov. 25, 2014) (noting that "to sufficiently plead a claim for willful infringement, a patentee must make out *the barest factual assertion of knowledge of an issued patent*") (emphasis added). Viewed in the light most favorable to BMC,  the Complaint's allegations that ServiceNow hired away key BMC employees with knowledge of BMC's patents and improperly used those employees to design ServiceNow's copycat infringing products are sufficient to support an inference of pre-suit knowledge.  *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1127 (Fed. Cir. 1993) (noting that "deliberate copying [is] strong evidence of willful infringement").

---

[1] ServiceNow argues that in making these statements Luddy could not have been referring to BMC.  At the pleading stage, however, plaintiff BMC is entitled to any and all reasonable inferences.  Given that BMC is ServiceNow's single largest head-to-head competitor, it is a reasonable inference that Luddy was in fact referring to BMC.

Moreover, even if the Complaint's allegations did not support an inference that ServiceNow had pre-suit knowledge of BMC's patents (and it plainly does), the Complaint still properly alleges willfulness based on post-suit conduct. *See WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, 2012 U.S. Dist. LEXIS 189071, at *6-7 (E.D. Tex. July 17, 2012) (allowing plaintiff to bring willful infringement claim based solely on post-filing conduct); *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *6-8, *13 (E.D. Tex. Sept 2, 2009) (finding that a plaintiff can "raise a willfulness claim based solely on post-filing conduct"). This is a unique case brought by BMC against a competitor who has admitted to copying and stealing with the ultimate purpose of "driv[ing] a truck right through [BMC's future]" and "dismantling [BMC's] business, left, right, and center." Dkt. 1 ¶¶ 15-16, 18, 69. If there were ever a case for which a willfulness claim is appropriate, this is it.

### B.      BMC's Complaint Sufficiently Pleads Induced Infringement

ServiceNow asserts that BMC has not adequately pled induced infringement because BMC has allegedly "failed to plead facts showing that ServiceNow specifically intended that ServiceNow's unidentified customers infringe the patents-in-suit." Dkt. 14 at 9. ServiceNow's assertions ignore this Court's precedent and the Complaint's allegations.

Contrary to ServiceNow's assertion, BMC has alleged a whole lot "more than just [ServiceNow's] knowledge" that its products may be used for infringement. *See* Dkt. 14 at 9. In addition to knowledge of BMC's patents, as discussed above, the Complaint alleges that ServiceNow has engaged "in many activities that encourage its customers to infringe [BMC's patents], including:

6

- Advertising and promotion efforts for the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC;

- The publication of demonstrational videos concerning the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC;

- The publication of data sheets that purport to describe alleged benefits customers will derive from embracing the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC;

- The publication of "white papers" that purport to describe the alleged virtues of the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC;

- The publication of various "case studies" featuring alleged success stories involving customers who have embraced the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC;

- The publication of numerous webpages that provide details concerning various aspects of the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC and that are intended to incite customer interest in the infringing products;

- The publication of tutorial, demonstration, and "best practices" instructional videos concerning the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC; and

- The provision of "customer support to every customer" as well as "user forums, blogs, product documentation, and useful solutions" for the accused features of the ServiceNow Service Automation Platform, and related products, that are patented by BMC.

Dkt. 1 ¶¶ 33, 38, 43, 48, 53, 58, 63.  Each of these allegations is supported by references to

ServiceNow's own publications, available through ServiceNow's website.   Further, the

Complaint explicitly states that "[t]hrough these activities, ServiceNow *specifically intends* that

its customers directly infringe" the asserted patents.  *Id*. (accompanying text) (emphasis added).

ServiceNow's assertion that "[t]here is no allegation that any of [the above] activities relate in

7

any way to BMC or the asserted patents" (Dkt. 14 at 9) is false and, in any event, more than a

reasonable inference can be made that those activities relate directly to BMC, the market leader.

The law is clear that BMC "need not prove its inducement case at the time of filing, nor

must it provide detailed factual support for every element of inducement" in order to survive a

motion to dismiss.  *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 2012 U.S. Dist.

LEXIS 114199, at *18 (E.D. Tex. July 27, 2012); *see also, e.g.*, *InMotion Imagery Techs., LLC

v. Imation Corp.*, 2013 U.S. Dist. LEXIS 41830, at *16 (E.D. Tex. Mar. 25, 2013) (noting that

pleading requirements do not require a plaintiff to "prove itself at the pleading stage") (citations

omitted).   In particular, BMC "need not *prove* intent, but merely provide enough facts from

which intent can be reasonably inferred."  *Titanide Ventures*, 2012 U.S. Dist. LEXIS 163430, at

*11 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323,

1339 (Fed. Cir. 2012)) (noting that a complaint need only "raise a reasonable expectation that

discovery will reveal the proof required" and does not need detailed factual allegations); *see also

Cardsoft (Assignment for the Benefit of Creditors), LLC v. Gores Group, LLC*, 2013 U.S. Dist.

LEXIS 142493, at *7 (E.D. Tex. Sept. 19, 2013) ("While a plaintiff must include facts indicating

an intention to cause infringement, it does not have to show that such [sic] these facts are

probable.").  Indeed, this Court's precedent demonstrates that the allegations set forth in BMC's

Complaint are more than sufficient to create a reasonable inference that ServiceNow acted with

specific intent to induce infringement.[2]  Although ServiceNow cites a handful of cases in which

---

[2] *See*, *e.g*, *Mobile Telcoms. Techs., LLC v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 138786, at
*3-4 (E.D. Tex. Aug. 26, 2014) (finding that allegations that defendant sold products "with the

a court dismissed induced infringement claims (Dkt. 14 at 10 n.4), these cases are easily

distinguishable.[3]

### C.   BMC's Complaint Sufficiently Pleads Contributory Infringement

ServiceNow asserts that BMC "pleads *no facts* supporting *any* inference that

ServiceNow's products lack substantial non-infringing uses."   Dkt. 14 at 11 (emphasis in

original).   At this stage, however, it is sufficient for BMC to have alleged that certain of

ServiceNow's products, *e.g.*, Discovery and Orchestration, have no non-infringing uses.  *See,*

*e.g.*, Dkt. 1 ¶ 34 (stating that ServiceNow sells software components that infringe U.S. Patent

No. 5,978,594, "such as the ServiceNow Discovery and ServiceNow Orchestration . . .

---

allegedly infringing functionality enabled and preinstalled," provided instructions for using the infringing functionality, and marketed the infringing functionality were sufficient to support induced infringement claims); *Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys.*, 2014 U.S. Dist. LEXIS 19308, at *9-10 (E.D. Tex. Feb. 14, 2014) (inferring specific intent from instruction in user guide that publisher intended for product to be used as described therein); *Titanide Ventures*, 2012 U.S. Dist. LEXIS 163430, at *11 (finding allegation that defendant advertised its infringing product and the instructions for use on its website sufficient to infer intent); *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, 2012 U.S. Dist. LEXIS 129979, at *10-11 (E.D. Tex. Sept. 11, 2012) (finding induced infringement claims sufficiently pled where plaintiff alleged that defendant "has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas" (citation omitted)).

[3] *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *4-5, *10-11 (E.D. Tex. Feb. 7, 2013) (plaintiff alleged only that defendants sold "infringing systems and components" to customers who operated them "in accordance with [d]efendants' instructions"); *Klausner Techs., Inc. v. Oracle Corp.*, No. 6:11-cv-00556-LED, slip op. at 1, 4 (E.D. Tex. Sept. 10, 2012) (plaintiff alleged only that defendant "induced others to infringe" the patent in suit without providing any factual support); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-cv-00499, slip op. at 6 (E.D. Tex. Mar. 29, 2010) (only statement supporting plaintiff's induced infringement claim was the allegation that "[u]pon information and belief, [defendant] has also contributed to the infringement . . . and/or actively induced others to infringe one or more claims of the patent[-in-suit]"); *Clear v. Bergdorf Goodman, Inc.*, 2010 U.S. Dist. LEXIS 92079, at *12 (E.D. Tex. Mar. 29, 2010) (plaintiff did not identify a direct infringer nor which methods or systems indirectly infringed).

applications, *that lack substantial non-infringing uses*") (emphasis added); *see also id.* at ¶¶ 39, 44, 49, 54, 59, 64. These allegations are sufficient, and when taken as true, preclude dismissal of BMC's contributory infringement claims. *See, e.g.*, *Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys.*, 2014 U.S. Dist. LEXIS 19308, at *3, *6 (E.D. Tex. Feb. 14, 2014) (finding allegation that component parts of defendant's products have no substantial noninfringing use sufficient for pleading contributory infringement).

ServiceNow's argument that the Federal Circuit's *Bill of Lading* decision requires detailed factual allegations establishing "that a component is not 'suitable for substantial noninfringing use[s]'" is erroneous. Dkt. 14 at 10. At no point in its opinion, in dicta or otherwise, does the *Bill of Lading* court set forth a heightened pleading standard for contributory infringement. To the contrary, the *Bill of Lading* court specifically notes that "[i]mportantly, the district court did not conclude that the allegations of contributory infringement lacked sufficient detail to satisfy the specificity requirement of *Twombly* and *Iqbal*." *Bill of Lading*, 681 F.3d at 1337. Accordingly, *Bill of Lading* does not support ServiceNow's argument that BMC "must allege more than the bare statutory language" to sufficiently plead contributory infringement.[4]

_____

[4] *Bill of Lading* is also factually distinguishable. In that case, although the plaintiffs attempted to assert a claim for contributory infringement, their complaints "actually ma[d]e clear on their face that [the defendants' accused] products *do* have substantial non-infringing use." *Bill of Lading*, 681 F.3d at 1339 (emphasis added). ServiceNow has not identified any allegations in the BMC Complaint suggesting that the ServiceNow Accused Products have substantial non-infringing uses, and its unsupported assertion that the Accused Products "can perform a wide variety of IT management tasks" unrelated to the subject matter of the Patents-in-Suit (dkt. 14 at 12) should be disregarded at this stage. *See*, *e.g.*, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint . . . ."); *J & J Mfg. v. Logan*, 24 F.

## IV.     CONCLUSION

Because BMC has adequately pled its claims for willful infringement, induced infringement, and contributory infringement, ServiceNow's Motion to Dismiss should be denied. Alternatively, should the Court grant ServiceNow's Motion in whole or in part, BMC respectfully requests leave to amend the Complaint.

---

Supp. 2d 692, 696 (E.D. Tex. 1998) (discounting evidence proffered by defendant in support of its motion to dismiss, noting that "[w]ere this court to look beyond the pleadings in deciding a Rule 12b(6) motion, its decision would be akin to an order granting a summary judgment").

Dated: December 18, 2014

Robert A. Cote
rcote@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
David R. Dehoney
ddehoney@mckoolsmith.com
Kevin Schubert
kschubert@mckoolsmith.com
Dana E. Vallera
dvallera@mckoolsmith.com
McKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone:  (212) 402-9400
Fax:  (212) 402-9444

Respectfully submitted,

*/s/  Sam Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Fax:  (903) 923-9099

Holly E. Engelmann
hengelmann@mckoolsmith.com
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Fax:  (214) 978-4044

12

Brendon M. Jordan
bjordan@mckoolsmith.com
McKOOL SMITH, P.C.
1999 K Street, NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344

Philip J. Lee
plee@mckoolsmithhennigan.com
McKool Smith Hennigan, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone:  (213) 694-1153
Facsimile:  (213) 694-1234

Pierre Hubert
phubert@mckoolsmith.com
McKOOL SMITH, P.C.
300 W. 6th St., Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Facsimile:   (512) 692-8744

**ATTORNEYS FOR PLAINTIFF**
**BMC SOFTWARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via the Court's ECF system on December 18, 2014.

*/s/ _Dana E. Vallera_____*