# EXHIBIT A



# THE DACUS FIRM
### ATTORNEYS & COUNSELORS AT LAW
A PROFESSIONAL CORPORATION

March 13, 2015

The Honorable J. Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and
United States Courthouse
100 East Houston Street
Marshall, Texas 75670

RE: BMC Software, Inc. v. ServiceNow, Inc., Case No. 2:14-cv-903-JRG; ServiceNow's Motion to Transfer to the Southern District of Texas

Dear Judge Gilstrap,

On November 13, 2014, Defendant ServiceNow, Inc. ("ServiceNow") moved to transfer the above-referenced case to Plaintiff BMC Software, Inc.'s ("BMC") home district of the Southern District of Texas. (D.I. 16.) After an agreed extension, the parties completed briefing on the motion on January 9, 2015. (D.I. 24, 38, 32.) As such, the Motion to Transfer to the Southern District of Texas is ripe for adjudication by Your Honor.

The parties have exchanged Initial Contentions and have just begun the claim construction process. At this juncture, a determination of ServiceNow's transfer motion has the potential to save significant resources before the Court and the parties must address the substantive portion of this case. See In re Nintendo Co. Ltd., 544 Fed. Appx. 934, 941 (Fed. Cir. 2013) (reversing denial of transfer noting "the principle that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); In re EMC Corp., 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013) (recognizing "the importance of addressing motions to transfer at the outset of litigation."); see also In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003) ("[The] motion [to transfer] should have taken a top priority in the handling of this case by the . . . District Court.").

The Federal Circuit has also admonished defendants who fail to ardently pursue their motions to transfer. See, e.g., In re Apple Inc., 456 Fed. Appx. 907, 908, (Fed. Cir. 2012) ("[T]his court is in agreement with SimpleAir that Apple's delay militates against granting this extraordinary and largely discretionary remedy. Apple failed to employ any strategy to pressure the district court to act, such as seeking mandamus to direct the district court to rule on the motion.") Mindful of the Federal Circuit's guidance In re Apple, ServiceNow respectfully requests that the Court rule on ServiceNow's motion to transfer.

ServiceNow believes that transfer is uniquely appropriate in this case and respectfully requests the Court rule on the Motion to Transfer without delay.

Respectfully submitted,

Deron R. Dacus

**Deron Dacus,** Attorney

501 E. SE Loop 323, Suite A-10  |  Tyler, Texas 75701  |  Phone/Fax: 903-705-1117  |  [email]  |  [web]