# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BMC SOFTWARE, INC., | § <br> § <br> § |
| Plaintiff, | § <br> § |
| v. | CASE NO. 2:14-CV-903-JRG <br> § <br> § |
| SERVICENOW, INC., | § <br> § |
| Defendant. | § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ServiceNow, Inc.'s Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14). Having considered the motion, the parties' briefing, and the complaint in light of the applicable law, the Court **DENIES** the motion for the reasons set forth below.

## APPLICABLE LAW

In a patent case, the court analyzes a motion to dismiss for failure to state a claim under the law of the regional circuit. *Content Extraction & Transmission LLC v. Wells Fargo Bank*, *Nat. Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) is a defense that a pleading "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under F.R.C.P. 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard 'does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial.'" *Id.* (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011)). The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011). "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Id.*

"Form 18 sets forth a sample complaint for direct patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1283 (Fed. Cir. 2013) cert. denied sub nom. *DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026, 188 L. Ed. 2d 139 (2014). "Form 18 includes no indication that a patent holder must

prospectively anticipate [] noninfringement arguments." *Id.* at 1284. "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility," and "[w]hile these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high one." *Id.* at 1286. The court does not read "Form 18 [] to require that a plaintiff identify an accused device by name." *Id.* "The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *Id.*

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1332 (citing *Iqbal*, 556 U.S. at 679). A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented

and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by a defendant's customers, (2) contain facts plausibly showing that the defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that the defendant knew that the customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339. *Global-Tech* requires only that the defendant "[know] that the induced acts constitute patent infringement," and contains no requirement that the knowledge arise before the filing of the suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011).

**BACKGROUND**

Plaintiff BMC Software, Inc. ("BMC") is a Delaware corporation based in Houston, Texas and the owner of United States Patent Numbers 5,978,594 (the "'594 Patent"), 6,816,898 (the "'898 Patent"), 6,895,586 (the "'586 Patent"), 7,062,683 (the "'683 Patent"), 7,617,073 (the "'073 Patent"), 8,646,093 (the "'093 Patent"), and 8,674,992 (the "'992 Patent") (collectively, the "Patents-in-Suit"). Defendant ServiceNow, Inc. ("ServiceNow") is a Delaware corporation

based in Santa Clara, California.

BMC filed this action on September 23, 2014, alleging that ServiceNow infringes the Patents-in-Suit by "making, using, offering to sell, selling, and/or providing installation, operational support, and instructions for infringing products, including the ServiceNow Service Automation Platform and related products." (Dkt. No. 1, at ¶¶ 32, 37, 42, 47, 52, 57, and 62). ServiceNow filed this Motion to Dismiss BMC Software, Inc.'s Complaint for Patent Infringement (Dkt. No. 14) (hereinafter "MTD") on November 13, 2014 contending that BMC's claims of willful, induced, and contributory infringement should be dismissed for failure to state a claim upon which relief can be granted. (MTD at 1).

## WILLFUL INFRINGEMENT

ServiceNow asserts that BMC's pleadings are insufficient as to BMC's claim of willful infringement because BMC failed to "allege any facts suggesting that ServiceNow had any knowledge of any of the patents-in-suit prior to filing." (MTD at 1). BMC responds by asserting that "[t]he Complaint alleges that ServiceNow developed its infringing products after hiring away key ex-BMC employees who were intimately familiar with BMC's products and innovations and upon information and belief knew that BMC protects such products and innovations through patent protection." (MTD Resp. at 4) (quotations omitted). BMC further asserts that ServiceNow improperly used the knowledge of these ex-BMC employees to develop aspects of its products, including allegedly infringing features, with "full knowledge or willful blindness that BMC's products were patented and that copying BMC's Products would result in patent infringement." (*Id.*) (quotations omitted). ServiceNow responds by arguing that these allegations require "leaps of logic" and do not support "any plausible claim of willful infringement." However, ServiceNow is, in effect, asking the Court to go significantly beyond analyzing the plausibility of the well-pleaded allegations and, instead, determine the probability

of the success of BMC's claims. The Court is not persuaded by ServiceNow that BMC fails "to allege any facts" supporting its theory or that BMC has failed to state a plausible claim of relief. Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that BMC's pleadings are sufficiently plausible to plead a claim of willful infringement.

## INDUCED INFRINGEMENT

ServiceNow also asserts that BMC's pleadings are insufficient as to BMC's claim of induced infringement for two reasons: 1) BMC has failed to provide "plausible allegations regarding ServiceNow's pre-suit knowledge of the patents-in-suit," (MTD Reply at 67); and 2) "BMC has failed to plead facts showing that ServiceNow specifically intended that ServiceNow's unidentified customers infringe the patents-in-suit," (MTD at 811). As addressed by the Court earlier regarding willful infringement, after taking all well-pleaded facts as true, BMC's allegation that ServiceNow had pre-suit notice of the patents-in-suit is sufficiently plausible to survive at this stage. ServiceNow also asserts that, "[a]t their core, BMC's allegations are little more than conclusory statements that ServiceNow is a business that disseminates information regarding products that happen to now be accused of infringement," (MTD at 10), and that BMC has failed "to support its allegations of ServiceNow's specific intent to induce infringement beyond stating routine business practices," (MTD Reply at 6). BMC responds by arguing that the activities identified in the Complaint "specifically highlight the infringing features of ServiceNow's products." Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that BMC's pleadings are sufficiently plausible to plead a claim of induced infringement.

## CONTRIBUTORY INFRINGEMENT

ServiceNow also asserts that BMC "pleads *no facts* whatsoever supporting *any* inference that ServiceNow's products lack substantial non-infringing uses." (MTD at 10–12) (emphasis in original). BMC asserts that it alleges the lack of substantial non-infringing uses for certain of ServiceNow's products. (MTD Resp. at 9–10). Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that BMC's pleadings are sufficiently plausible to plead a claim of contributory infringement.

## CONCLUSION

As described above, a "failure to state a claim upon which relief can be granted" is, generally speaking, an initial threshold test in which a court evaluates the facial plausibility of claims set forth in a pleading, considering the well-pleaded facts in the complaint as true, construing the complaint in a light most favorable to the plaintiff, and drawing reasonable inferences in favor of the plaintiff.

For the reasons set forth above, Defendant ServiceNow, Inc.'s Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14) is **DENIED**.

**So ORDERED and SIGNED this 18th day of May, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE