**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BMC SOFTWARE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO. 2:14-CV-903-JRG |
| SERVICENOW, INC., | § § § | |
| Defendant. | § § § | |

**ORDER**

The Court held a hearing on August 21, 2015, regarding the following motions by Plaintiff BMC Software, Inc. ("BMC") and Defendant ServiceNow, Inc. ("ServiceNow"): Emergency Renewed Motion by ServiceNow to Strike BMC's Infringement Contentions and to Compel BMC to Serve Compliant Infringement Contentions (Dkt. No. 118); Emergency Motion by ServiceNow for an Order to Cease Plaintiff BMC Software Inc.'s Destruction of Evidence (Dkt. No. 121); Motion to Compel ServiceNow to Reduce its Alleged Prior Art References (Renewed) (Dkt. No. 123). This Order summarizes and memorializes the Court's rulings at that hearing:

> (1) ServiceNow's Emergency Renewed Motion by ServiceNow to Strike BMC's Infringement Contentions and to Compel BMC to Serve Compliant Infringement Contentions (Dkt. No. 118) is **DENIED WITHOUT PREJUDICE**. BMC is **ORDERED** to complete and serve its amended infringement contentions for

Releases A, B, C, D, and F, as identified by the Parties, by or before September 15, 2015.

(2) ServiceNow's Emergency Motion by ServiceNow for an Order to Cease Plaintiff BMC Software Inc.'s Destruction of Evidence (Dkt. No. 121) is **GRANTED**, as follows: BMC is **ORDERED** to deactivate its automated email deletion feature ("AEDF") for all employees within its Sales and Marketing Department and its Competitive Intelligence Department, effective immediately, and through October 12, 2015 (unless reactivation of such email deletion feature is earlier expressly ordered by the Court). The emails preserved by the deactivation of BMC's AEDF shall be retained and preserved, even after BMC is allowed to reactivate its AEDF as to these two departments identified herein. BMC shall be permitted to continue its AEDF in all other departments not identified above, *instanter*. However, all emails from designated ESI custodians shall be protected from BMC's AEDF at all times. ServiceNow may seek an expansion of the current number of ESI custodians which must be filed by October 12, 2015, or before the Court orders the reactivation of BMC's AEDF, whichever occurs first. ServiceNow's Motion is **DENIED** in all other respects. BMC's litigation hold remains in full force, independent of the above.

(3) BMC's Motion to Compel ServiceNow to Reduce its Alleged Prior Art References (Renewed) (Dkt. No. 123) is **GRANTED**. BMC is **ORDERED** to reduce the number of asserted claims to 32 by 5:00 P.M. CDT on August 28, 2015. ServiceNow is **ORDERED** to reduce the number of asserted prior art references to 40 by 5:00 P.M. CDT on September 4, 2015. Each combination of

prior art identified by ServiceNow will count as an individual prior art reference, for the purposes of complying with this Order.

**So ORDERED and SIGNED this 24th day of August, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE