# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | § | |
|---|---|---|
| BMC SOFTWARE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CASE NO. 2:14-CV-903-JRG |
| v. | § | |
| | § | |
| SERVICENOW, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a number of motions concerning expert testimony: (1) BMC's Motion to Strike and Exclude Opinions of ServiceNow's Technical Consultants Contrary to Court's Claim Constructions (Dkt. No. 226); (2) ServiceNow's Motion to Strike Expert Testimony of Dr. Mark Jones (Dkt. No. 232); (3) ServiceNow's Motion to Strike Expert Testimony of Dr. Hugh Smith (Dkt. No. 234); (4) BMC's Motion to Strike the Expert Report of Tim Crawford (Dkt. No. 224); (5) BMC's Motion to Strike Expert Reports of Dr. Keller, Dr. Weissman, Dr. Greenberg, and Mr. Bakewell Relating to Undisclosed Non-Infringing Alternatives (Dkt. No. 225); and (6) BMC's Motion to Exclude the Testimony of Dr. Michael P. Akemann (Dkt. No. 237).

The Court ordered the parties to submit copies of each expert report in dispute, which have subsequently been reviewed by the Court. (Dkt. No. 240). The Court held a hearing on these motions on January 25, 2016, and ruled on many of these matters at that time. (Dkt. No. 316.) For the reasons set forth below and in accordance with the Court's January 25, 2016 rulings, the motions to strike are **GRANTED but only as specified below**, and are otherwise **DENIED**.

## I. BACKGROUND

On September 23, 2014, BMC Software, Inc. ("BMC") filed suit against ServiceNow, Inc. ("ServiceNow") asserting claims of patent infringement of the patents in this suit. (Dkt. No. 1).

BMC has asserted the following twenty-one claims from five patents: Claims 1, 2, 6, and 11 from U.S. Patent No. 6,816,898 ("'898 patent"); Claims 1 and 4 from U.S. Patent No. 6,895,586 ("'586 patent"); Claims 1, 3, 24, 26, 45, 56, 79, 80, 88, and 90 from U.S. Patent No. 7,062,683 ("'683 patent"); Claims 1, 3, and 4 from U.S. Patent No. 7,617,073 ("'073 patent"); and Claims 1 and 8 from U.S. Patent No 8,674,992 ("'992 patent") (collectively, the "patents-in-suit"). (Dkt. No. 311 ¶¶ 1, 4, 7, 10, and 13.)

## II. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an

expert's testimony should be admitted, the common nature of these factors direct the trial court to consider as its ultimate inquiry whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a [gatekeeper], a trial court must take care not to transform a *Daubert* hearing into a trial on the merits") (quoting FED. R. EVID. 702 advisory committee note). Instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury so as to be appropriate for the jury's consideration. *See Pipitone*, 288 F.3d at 249–50. As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III. DISCUSSION

### A. BMC's Motion to Strike and Exclude Opinions of ServiceNow's Technical Consultants Contrary to Court's Claim Constructions

Plaintiff argues that portions of Defendant's various experts' reports and testimony are improper because Defendant's respective experts misapply the Court's claim construction. *See* (Dkt. No. 226).

Regarding the particular expert reports and testimony disputes at hand, **IT IS ORDERED** that no experts are to render any conclusions regarding the scope of the patents-in-suit or particular claim limitations that contradict or deviate from this Court's Claim Construction Memorandum and Order (Dkt. No. 131). Accordingly, all experts, whether Plaintiff's or Defendant's, are hereby excluded from providing any opinions that violate these constraints, and any portions of their reports in conflict with this Order are stricken.

Further, all experts are hereby excluded from providing any opinions based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected, and in this regard the Court **ORDERS** that:

- **"periodically"** – No expert may opine or insinuate that the term, "periodically," requires any particular or specific timing interval. *See* (Dkt. No. 131 at 45–46.) Opinions implicated by this Order are hereby stricken. Such improper opinions include portions of Paragraphs 105–109, 117, 139, 142–143, and 158 of Mr. Weissman's report.

Accordingly, the Court **GRANTS** Plaintiff's motion (Dkt. No. 226) only as it relates to the claim construction positions and term explicitly identified above. The claim construction positions of Plaintiff's motion are otherwise **DENIED** in all other respects.

**B.     ServiceNow's Motions to Strike BMC's Technical Experts**

ServiceNow seeks to exclude certain paragraphs and opinions from the reports of BMC's technical experts, Dr. Jones and Dr. Smith, on various grounds, including that: (1) opinions regarding whether BMC's products practice the patents-in-suit should be stricken because the experts failed to do an element-by-element analysis of the products, *see, e.g.*, (Dkt. No. 252 at 1–2); (2) opinions regarding four factors showing secondary considerations of non-obviousness as unreliable and prejudicial, *see, e.g.*, (Dkt. No. 252 at 4–11); (3) opinions on willfulness as unreliable and unhelpful to the jury, *see, e.g.*, (Dkt. No. 252 at 11–13); and (4) opinions on the Patent Office's practice as inappropriate and prejudicial, *see, e.g.*, (Dkt. No. 252 at 13–14).

After considering the briefing and oral argument, the Court finds that the opinions of Dr. Jones and Dr. Smith in regard to the purely factual details regarding willfulness, such as the existence of "digital identifiers" from the source code that they have personal knowledge of and relate to their field of expertise, are proper. All other opinions by Dr. Jones and Dr. Smith regarding willfulness are improper and are stricken. If BMC wishes to present any argument, evidence, testimony, or reference regarding willfulness through its technical experts, BMC is **ORDERED** to approach the bench and obtain leave prior to such presentation.

If BMC wishes to present, through its technical experts, any argument, evidence, testimony, or reference regarding practice before the Patent Office and what an Examiner may or may not have believed in regard to ServiceNow's prior art, BMC is **ORDERED** to approach the bench and obtain leave of the Court prior to such presentation.

Accordingly, the Court **GRANTS** ServiceNow's Motion to Strike Expert Testimony of Dr. Mark Jones (Dkt. No. 232) and ServiceNow's Motion to Strike Expert Testimony of Dr. Hugh Smith (Dkt. No. 234) but only as to the opinions identified above and **DENIES** such Motions in all other respects.

### C. BMC's Motion to Strike Expert Reports of Dr. Keller, Dr. Weissman, Dr. Greenberg, and Mr. Bakewell Relating to Undisclosed Non-Infringing Alternatives

Parties have represented that the only live issues before the Court in regard to BMC's Motion to Strike Expert Reports of Dr. Keller, Dr. Weissman, Dr. Greenberg, and Mr. Bakewell Relating to Undisclosed Non-Infringing Alternatives (Dkt. No. 255) are BMC's objections to Paragraphs 372–373 and 375–376 of Mr. Bakewell's report. (Dkt. No. 304.) BMC argues that ServiceNow never disclosed BMC's products as a non-infringing alternative during discovery, including in response to interrogatories directed toward what ServiceNow believed were non-infringing alternatives. (Dkt. No. 255 at 14.) ServiceNow responds that Mr. Bakewell is responding to assertions made by BMC's damages expert, Dr. Akemann. (Dkt. No. 244 at 14.) In particular, ServiceNow argues that Mr. Bakewell is not opining that ServiceNow believes that BMC's products are a non-infringing alternative. Instead, ServiceNow argues that Mr. Bakewell is merely identifying that BMC has claimed that its old products are non-infringing alternatives. (Dkt. No. 244 at 14–15.)

After considering the briefing and oral argument, the Court finds that Dr. Bakewell's reference of BMC's products as a non-infringing alternative is untimely and improper. As a result, the Court strikes from Dr. Bakewell's report the following: (1) Paragraph 375 in its entirety and (2) from paragrapgh 376, the phrase "Dr. Akemann's assumption about the lack of alternatives to the '586 patent is incorrect". Accordingly, the Court **GRANTS** BMC's Motion to Strike Expert Reports of Dr. Keller, Dr. Weissman, Dr. Greenberg, and Mr. Bakewell Relating to Undisclosed Non-Infringing Alternatives (Dkt. No. 255) only as identified above. BMC's Motion (255) is **DENIED** as to Paragraphs 372, 373 and as to the remainder of paragragh 376 (not stricken above) regarding Mr. Bakewell's report, and such motion is **DENIED AS MOOT** in all other respects.

## IV.    CONCLUSION

Having considered the Parties' various objections and arguments, BMC's Motion to Strike and Exclude Opinions of ServiceNow's Technical Consultants Contrary to Court's Claim Constructions (Dkt. No. 226); ServiceNow's Motion to Strike Expert Testimony of Dr. Mark Jones (Dkt. No. 232); ServiceNow's Motion to Strike Expert Testimony of Dr. Hugh Smith (Dkt. No. 234); and BMC's Motion to Strike Expert Reports of Dr. Keller, Dr. Weissman, Dr. Greenberg, and Mr. Bakewell Relating to Undisclosed Non-Infringing Alternatives (Dkt. No. 225) are **GRANTED** but only as set forth above and are **DENIED** in all other respects.

Further, the Court **CARRIES** BMC's Motion to Strike the Expert Report of Tim Crawford (Dkt. No. 224) and BMC's Motion to Exclude the Testimony of Dr. Michael P. Akemann (Dkt. No. 237).

Finally, in compliance with the representations made in open court, the Parties are **ORDERED** to meet and confer and thereafter file a Joint Motion to withdraw all currently-pending motions that are no longer in dispute. Such Joint Motion shall be filed on or before fourteen (14) days after the issuance of this Order. **Future motions later resolved, narrowed or adandoned shall be withdrawn promptly by the asserting parties without further reminder or directive from the Court.**

**So ORDERED and SIGNED this 28th day of January, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE